**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
**Stephen E. Blackman**, OSB #912161
sblackman@brownsteinrask.com
BROWNSTEIN | RASK
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 412-6725
Fax: (503) 221-1074
    Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| J.V. NORTHWEST, INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MARKS DESIGN AND METALWORKS, LLC, an Oregon limited liability company; and RYAN MARKS, an Individual.<br><br>    Defendants. | Case No.<br><br>**COMPLAINT**<br>(Copyright Infringement)<br><br>*Jury Trial Requested* |

Plaintiff alleges as follows

### JURISDICTION AND VENUE

1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

2.    This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

PAGE 1 – COMPLAINT

3.   This Court has personal jurisdiction over defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that defendants do business and/or reside in this District, and the acts of infringement complained of herein occurred in this District.

## PARTIES

4.   Plaintiff is a corporation duly organized and existing under the laws of the state of Oregon, having its principal place of business in Oregon.

5.   Defendant Marks Design and Metalworks, LLC is a limited liability company duly organized and existing under the laws of the State of Oregon, with its principal place of business in Washington.

6.   Defendant Ryan Marks is an individual residing in this District, and he is the authorized member of Defendant Marks Design and Metalworks, LLC, a member-managed limited liability company.

## COUNT I

### INFRINGEMENT OF COPYRIGHTS

7.   Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

8.   Plaintiff is, and at all relevant times has been, the copyright owner of exclusive rights under United States copyright with respect to certain copyrighted materials, including but not limited to the copyrighted materials identified in Exhibit A attached hereto, and the copyrightable aspects of the internet web site "JVNW.com" incorporating that material. One of the exclusive rights of a copyright owner is to make derivative works. Those exclusive rights were registered in 2009 under registration TXu001800484 / 2009-12-17.

PAGE 2 – COMPLAINT

9.      Those rights and any and all derivatives thereof, each of which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, collectively comprise "the Work."  Plaintiff has complied in all respects with 17 U.S.C. §§ 101 *et seq.*, and secured the exclusive rights and privileges in and to the copyrights of the Work. Plaintiff has been and still is the sole proprietor of all rights, title and interest in and to the copyrights in their respective Work as referenced above.

10.     After December 17, 2009, defendants infringed said copyright by publishing and placing upon the internet a website entitled "marksdmw.com," which was copied largely from plaintiff's Work and is derivative of the Work.

11.     Plaintiff has notified defendants that they have infringed the copyright of plaintiff, and defendants have continued to infringe the copyright despite plaintiff's demands that such infringement cease.

12.     Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of plaintiff.

13.     As a result of defendants' infringement of plaintiff's copyrights and exclusive rights under copyright, and pursuant to 17 U.S.C. § 504(c)(2), plaintiff seeks statutory damages against defendants in the amount of $150,000.

14.     In the alternative to statutory damages, plaintiff reserves the right to seek recovery of actual damages.  If plaintiff makes such election, plaintiff is entitled to recover all actual damages that it sustains due to the infringement, together with defendants' profits reaped as a result of the infringement, pursuant to 17 U.S.C. § 504(b), all in an amount to be proved at trial.

///     ///

PAGE 3 – COMPLAINT

Brownstein Rask, LLP
1200 SW Main Street * Portland, OR 97205-2040
(503) 221-1772 * Fax (503) 221-1074

15. Plaintiff is entitled to recover from defendants all costs and a reasonable amount of attorneys' fees incurred herein pursuant to 17 U.S.C. § 505.

16. The conduct of defendants is causing and, unless permanently enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Accordingly, pursuant to 17 U.S.C. §§ 502 and 503, plaintiff is entitled to injunctive relief prohibiting defendants from further infringing plaintiff's copyrights and the Work.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. For statutory damages of $150,000;

2. In the alternative, and at plaintiff's election, for actual damages suffered by plaintiff and gross profits earned by defendants as a result of the infringement;

3. For an injunction providing as follows: "Defendants shall be and hereby are enjoined from directly or indirectly infringing plaintiffs' rights under federal or state law in the Work and derivatives thereof, any materials, whether now in existence or later created, that is owned or controlled by plaintiff (or any parent, subsidiary, or affiliate of Plaintiff) ("Plaintiff's Work"), including without limitation by using the Internet or any online media to reproduce any of Plaintiff's Work, to distribute any of Plaintiff's Work, or to make any of Plaintiff's Work or derivatives thereof available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiff;"

/// ///

/// ///

/// ///

PAGE 4 – COMPLAINT

4.  For plaintiff's reasonable attorneys' fees incurred herein;

5.  For plaintiff's costs incurred herein; and

6.  For such other and further relief as the Court deems just and proper.

DATED this 30th day of April 2015.

**Brownstein | Rask**

/s/ Cary R. Cadonau
Cary R. Cadonau, OSB #002245
Stephen E. Blackman, OSB #912161
Attorneys for Plaintiff

PAGE 5 – COMPLAINT